**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SATISH P. PATEL, | Civil Action No. 13-5049 (WJM) |
| Petitioner, | |
| v. | **OPINION** |
| ERIC H. HOLDER, JR., et al., | |
| Respondents. | |

**APPEARANCES**:

>   SATISH P. PATEL, A 073 535 370
>   Essex County Correctional Facility
>   354 Doremus Avenue
>   Newark, New Jersey 07105
>   Petitioner *Pro Se*

**MARTINI, District Judge**:

Satish P. Patel filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging his post-removal-period detention at Essex County Correctional Facility, where he is being held in the custody of the Department of Homeland Security ("DHS") without a bond hearing. This Court will summarily dismiss the Petition because Mr. Patel has not alleged facts showing that he has been detained for more than six months after the beginning of the removal period, as required by *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), or that his detention is otherwise in violation of federal law. The dismissal is without prejudice to the filing of a new § 2241 petition (in a new case), after January 17, 2014, if Mr. Patel can allege facts showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

# I.   BACKGROUND

Satish Patel asserts that he is a native and citizen of India.   He alleges that he arrived in the United States in 1995 and that on December 19, 2012, an immigration judge ordered his removal.   He asserts that he appealed, and on April 18, 2013, the Board of Immigration Appeals affirmed the order of removal and denied the appeal.   He alleges that DHS took him into custody on July 17, 2013, when he was released by New Jersey from incarceration for a disorderly persons offense, and he has been detained by DHS since that date.   Mr. Patel further asserts that he contacted the Indian Consulate in New York, and he was told that "their Diplomatic branch was not and will not issue him travel documents," but the Consulate did not respond in writing. (Petition, ECF No. 1 at 4.)   He claims that his continued detention violates 8 U.S.C. 1231(a)(6), as interpreted by *Zadvydas,* and violates his right to due process.   *Id.* at 5-6.   He seeks an order to show cause and a writ of habeas corpus directing his release.

# II.   DISCUSSION

A.   Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).   This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his Petition, *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998), and he asserts that his detention violates federal law and his constitutional rights.   *See Bonhometre v. Gonzales*, 414 F.3d 442, 445-46 (3d Cir. 2005).

B.  Standard of Review

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985). Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).  Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief."  Id.; *see also McFarland*, 512 U.S. at 856; *Thomas*, 221 F.3d at 437 (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

C.  Legality of Detention

"Detention during removal proceedings is a constitutionally permissible part of that process."  *Demore v. Kim*, 538 U.S. 510 (2003).  The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States.  *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . .").  Once an alien's order of removal is final, the Attorney General is required to remove him or her from the United States within a 90-day "removal period."  *See* 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed,

the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period').")  8 U.S.C. § 1231(a)(1)(A).   This 90-day removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section § 1231(a)(2) requires DHS to detain aliens during this 90-day removal period. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien").   However, if DHS does not remove the alien during this 90-day removal period, then § 1231(a)(6) authorizes DHS to thereafter release the alien on bond or to continue to detain the alien.   Specifically, § 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

The Supreme Court held in *Zadvydas* that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's

removal from the United States." *Zadvydas*, 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-period detention. *Id.* at 701. The Supreme Court held that, to state a claim under § 2241, the alien must show that he has been detained beyond the six-month presumptively reasonable period, and must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Zadvydas,* 533 U.S. at 701. Specifically, the Supreme Court determined:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 701.

In this case, Mr. Patel states that an Immigration Judge ordered his removal on December 19, 2012, the Board of Immigration Appeals denied his appeal on April 18, 2013, and DHS took him into custody on July 17, 2013, when New Jersey released him from time served on a disorderly persons offense. Pursuant to 8 U.S.C. § 1231(a)(1)(B)(iii), the 90-day removal period began on July 17, 2013, when he was released from non-immigration confinement. The six-month presumptively reasonable period of post-removal-period detention will not expire until January 17, 2014. Because Mr. Patel filed his § 2241 Petition on August 13, 2013, five months before the expiration of the presumptively reasonable six-month period for removal, his petition

does not allege facts showing that his detention violates § 1231(a)(6), as interpreted by *Zadvydas*.

In the absence of such an initial showing, DHS does not have to respond by showing that

removal is reasonably foreseeable. *See Zadvydas*, 533 U.S. at 701 ("After this 6-month period,

once the alien provides good reason to believe that there is no significant likelihood of removal

in the reasonably foreseeable future, the Government must respond with evidence sufficient to

rebut that showing."); *see also Barenboy v. Attorney General of U.S.*, 160 F.App'x 258, 261 n.2

(3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[]

good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future . . . . Only then does the burden shift to the Government, which must respond

with evidence sufficient to rebut that showing.") (citation and internal quotation marks omitted).

Mr. Patel also argues that DHS violated his due process rights by failing to give him a

hearing. This claim lacks merit because, under the rationale of *Zadvydas*, an alien is not entitled

to a hearing unless he has been detained beyond the presumptively reasonable six month period

*and* he alleges facts showing that there is no significant likelihood of removal in the reasonably

foreseeable future. *Zadvydas*, 533 U.S. at 701; *cf. Wilson v. Hendricks*, Civ. No. 7315 (KM),

2013 WL 324743 at *2 (D.N.J. Jan. 25, 2013) ("The U.S. Supreme Court has adopted a rule of

thumb that a post-removal detention of up to six months is reasonable, but that a bond hearing

may be required after that time.").[1]

---

[1] This Court declines to adopt the Ninth Circuit's holding in *Diouf v. Napolitano*, 634 F.3d 1081, 1092 (9th Cir. 2011), that "an alien facing prolonged detention under § 1231(a)(6) is entitled to a bond hearing before an immigration judge and is entitled to be released from detention unless the government establishes that the alien poses a risk of flight or a danger to the community." *See Davies v. Hendricks,* Civ. No. 13-2806 (WJM), 2013 WL 2481256 *5 n.2 (D.N.J. June 10, 2013).

Finally, to the extent that Mr. Patel argues that DHS failed to comply with regulations pertaining to the custody review process, *see* 8 C.F.R. §§ 241.4, 241.13, this claim will be dismissed without prejudice. Because the Petition does not specify how the custody reviews violated the regulations, Mr. Patel has not pled sufficient facts to avoid summary dismissal of this claim.[2] *See United States v. Thomas*, 221 F.3d at 437-438 (habeas claim supported by vague and conclusory allegations may be summarily dismissed without further investigation).

The instant Petition must be dismissed because Mr. Patel does not assert facts showing that his detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see, e.g., Akinwale v. Ashcroft*, 287 F. 3d 1050, 1052 (11th Cir. 2002) ("[I]n order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."). The dismissal is without prejudice to the filing of a new § 2241 petition (in a new case) after January 17, 2014, in the event that Mr. Patel can allege facts at that time showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.[3]

---

[2] Notably, the regulations pertaining to post-removal-period custody reviews do not require a hearing or an interview prior to the issuance of a decision. *See* 8 C.F.R. §§ 241.4(h)(1), 241.13(e), (f), (g); *cf. Diouf*, 634 F.3d at 1091-92 & n.12.

[3] Alternatively, if Petitioner has reason to believe that his removal in the reasonably foreseeable future is not likely, he may at any time ask DHS to review his detention and he may submit written documentation supporting his request. *See* 8 C.F.R. § 241.13(d)(1) ("An eligible alien may submit a written request for release to [DHS] asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future. The alien may submit whatever documentation to [DHS] he or she wishes in support of the assertion that there is no significant likelihood of removal in the reasonably foreseeable future.")

### III.   CONCLUSION

For the foregoing reasons, this Court will dismiss the Petition.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

DATED:   September 20,   2013